IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-86-BO

| | |
|---|---|
| JUDY KING, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | O R D E R |

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Defendant argues that the Administrative Law Judge's ("ALJ") order was supported by substantial evidence. For the reasons stated below, the order is REVERSED and REMANDED for a calculation of benefits.

I. SUMMARY OF THE INSTANT DISPUTE

Plaintiff filed for disability insurance benefits ("DIB") on October 27, 2004. Plaintiff's claim was denied both initially and upon reconsideration. Transcript ("T") p 414. On July 6, 2005, a hearing was held by an Administrative Law Judge ("ALJ"). T p 414. On November 23, 2005, the ALJ issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. T pp. 414-425. On March 31, 2008, Plaintiff's request for review was denied by the Appeals Council, rendering the Commissioner's decision final. T pp. 359-361. Plaintiff timely filed this action, and this matter is now before the Court.

II.  DISCUSSION

The order is REVERSED and REMANDED for an award of benefits because substantial evidence does not support the ALJ's rejection of the treating physician's opinion as to Plaintiff's physical limitations. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.

While the issue of whether a claimant is disabled is a legal question to be the ALJ, an opinion as to a claimant's ability to function should still be given substantial weight unless persuasive contradictory evidence exists. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)(treating physician's opinion must be given great weight and "may be disregarded only if there is persuasive contradictory evidence."). In 1991, the Social Security Administration promulgated regulation 20 C.F.R. § 404.1527(d)(2), stating "if we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it con trolling weight." The Fourth Circuit has interpreted this regulation so as to require an ALJ to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)(citing *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. §

404.1527 (2005))). Significantly, the Fourth Circuit noted that the deference to a treating physician's opinion is not absolute insofar as an "ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hines,* 453 F.3d at 563, n. 2.

In the present case, Plaintiff presented six reports of functional restrictions prepared by her treating physician and over 200 pages of medical records documenting specific objective testing and over seventy contacts between Plaintiff and her treating physician over a seven year period. In the June 2005 report, Plaintiff's treating physician explains that Plaintiff had a history consistent with Chronic Fatigue Immune Deficiency Syndrome, that Plaintiff had stopped working based on the doctor's recommendation, and that Plaintiff was disabled from any and all occupations. The treating physician based his conclusion on his expertise in the field, multiple clinical observations, and multiple tests, including a bicycle stress test, which documents the existence of Chronic Fatigue Syndrome. The only medical opinion contrary to the findings of the treating physician is that of a non-treating, non-examining physician, whose examination took place on a single day in 2005. The Court finds that the ALJ improperly disregarded the opinion of the treating physician insofar as persuasive contrary evidence did not exist.

III. CONCLUSION

Therefore, the ALJ's decision is not supported by substantial evidence and is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for a calculation of benefits.

SO ORDERED, this 27 day of May 2009.

                                                          _____
                                                          TERRENCE W. BOYLE
                                                          UNITED STATES DISTRICT JUDGE